**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: LINCOLN NATIONAL COI LITIGATION

No. 16-cv-06605-GJP

**FILED**

FEB - 2 2018

**KATE BARKMAN, Clerk**
By_____Dep. Clerk

EFG BANK AG, CAYMAN BRANCH, *et al.*,

              Plaintiffs,

v.

No. 17-cv-02592-GJP

THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY,

              Defendant.

**STIPULATED             CONFIDENTIALITY AND PROTECTIVE ORDER**

      WHEREAS Plaintiffs and Defendants are engaged in the process of discovery in the above-captioned lawsuits (the "Actions" (as defined below));

      WHEREAS Discovery in the Actions may involve production of confidential and proprietary actuarial, business, technical, and financial information as well as private information of Plaintiffs for which special protection from public disclosure and from use for any purpose other than prosecuting or defending the Actions may be warranted;

      WHEREAS this Stipulated Confidentiality and Protective Order ("Protective Order" or "Order") provides reasonable restrictions on the use and disclosure of Confidential Information and Highly Confidential Information—Attorneys' Eyes Only;

      WHEREAS the Parties (as defined below) acknowledge, as set forth in Section C.3. of the Honorable Judge Gerald J. Pappert's Policies and Procedures, that this Protective Order does not entitle them to file confidential information under seal, and that Local Rules 5.1.2, 5.1.3, 5.1.5 and the Honorable Judge Gerald J. Pappert's Policies and Procedures set forth the rules that must be

followed and the standards that will be applied when a party seeks permission from the Court to file material under seal;

THEREFORE Plaintiffs and Defendants Lincoln National Corporation ("Lincoln National") and The Lincoln National Life Insurance Company ("Lincoln Life"; together, "Lincoln"), hereby stipulate to and petition the Court to enter the following Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

IT IS HEREBY STIPULATED AND ORDERED THAT the following procedures shall be employed and the following restrictions shall govern all methods for the exchange of Protected Material (as defined below), including without limitation, the handling of documents, electronic data, depositions, pleadings, response to discovery requests, exhibits and all other information produced or otherwise disclosed, inspected and/or copied in any form in the Actions, and as part of any motions, briefs or other filings, and any court filings permitted to be made under seal.

Any Party for good cause shown may apply to the Court for modification of this Protective Order. The Court reserves its inherent power to modify the terms of this Protective Order and permit the disclosure of information where the interest of justice so requires. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## 1.   **DEFINITIONS**

1.1    Actions: *In re Lincoln National COI Litigation*, Case No. 16-cv-06605-GJP, and *EFG Bank AG, Cayman Branch, et al. v. The Lincoln National Life Ins. Co.*, No. 17-cv-02592-GJP.

1.2    Challenging Party: A Party or Non-Party (as defined below) that challenges the designation of information or items under this Protective Order.

2

1.3   "CONFIDENTIAL" Information or Items:   Confidential proprietary or commercially sensitive business and financial information, trade secrets, and personal information which is not generally known or publicly available or which the Designating Party (as defined below) would not normally reveal to third parties or information that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause why it should not be part of the public record of the Actions.

1.4   Counsel: Outside Counsel of Record (as defined below) and House Counsel (as defined below), including in each case their respective support staff.

1.5   Designating Party: A Party or Non-Party (as defined below) that designates information or items that it produces or that are produced in disclosures or in response to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

1.6   Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.7   Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in any of the Actions and who is not a past or current employee of a Party or a current employee of a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.8   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items: "Confidential Information or Items," disclosure of which to another Party or Non-Party (as defined below) would create a substantial risk of serious harm that could not be avoided by less restrictive means. It is the intent of the parties that information will not be designated as HIGHLY

3

CONFIDENTIAL—ATTORNEYS' EYES ONLY for tactical reasons and that nothing will be so designated without a good faith belief that it is entitled to this level of protection, and there is good cause why it should not be part of the public record of these Actions.

1.9     House Counsel: An attorney who is an employee of a party to the Actions or of an entity that owns an interest in a party to the Actions, and is responsible for controlling or directing the litigation. House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.10    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Actions.

1.11    Notice: Unless otherwise specified, all communications required by this Protective Order shall be made by email, followed within three (3) days by a confirmatory hard copy mailing. The lists of counsel designated by each of the Parties to receive Notice are set forth in the attached Exhibit B.

1.12    Outside Counsel of Record: Attorneys who are not employees of a Party to the Actions but are retained to represent or advise a Party to the Actions and have appeared in these Actions on behalf of that Party or are affiliated with a law firm which has appeared at any time on behalf of that Party, and includes support staff.

1.13    Party: Any party to these Actions, including all of its officers, directors, and employees.

1.14    Parent: An entity that owns, or conducts the business affairs of, the Receiving Party (as defined below) and is responsible for controlling and directing the litigation on behalf of the Receiving Party.

1.15    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in these Actions.

1.16    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, court or deposition reporting, videotaping, translating, preparing exhibits or

4

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.17    Protected Material: Any Disclosure or Discovery Material that is exchanged in the course of the Actions designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY."

1.18    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## 2.    SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties, their Counsel, or their Experts that might reveal Protected Material. Any use of Protected Material at trial for either Action shall be governed by the orders of the trial judge. This Protective Order does not govern the use of Protected Material at trial.

## 3.    DURATION

Even after final disposition of this litigation, the obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in these Actions, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Actions, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The duration for documents to remain filed under seal will be governed by E.D.P.A. Local Rule 5.1.5(c).

## 4.    DESIGNATING PROTECTED MATERIAL

4.1    Exercise of Restraint and Care in Designating Material for Protection: Each Party or Non-Party that designates Disclosure or Discovery Material as Protected Material under this

5

Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, then that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    4.2    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Protected Material must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

    (a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY", to each page that will be produced. For information in electronic form that cannot have a legend affixed to each page (e.g., excel files or other data files), the Producing Party will produce materials in a manner consistent with the agreed upon Electronic Discovery Protocol for the Actions.

    A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY" to each page that will be produced. Documents inspected by a Party that are not identified by such Party for copying and production shall remain designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

(b) For information produced in some form other than documentary and for any other tangible items, Protected Material shall be designated and/or categorized by the Producing Party in a writing provided to the Receiving Party at the time of production as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

(c) For deposition exhibits, portions of deposition testimony, or any video recording of a deposition proceeding, any Party or Non-Party may designate as Protected Material deposition exhibits or portions of deposition testimony by informing the reporter (and videographer, if applicable) during the deposition or by sending, within thirty (30) days after the reporter makes the final uncorrected deposition transcript available to all parties, a letter to all attorneys of record and to the deposition reporter (and videographer, if applicable) designating the exhibits to be so restricted, designating by page and line any portions of transcript to be so restricted, or the entire transcript if applicable, and specifying the level of protection being asserted. If all or a portion of a proceeding is videotaped, the video recording will have the same level of protection that is designated by a Party for the transcript of the proceeding.

When deposition exhibits or deposition testimony are designated Protected Material by informing the reporter during the deposition, the transcript and any exhibits containing Protected Material shall have an obvious legend on the title page indicating that the transcript and exhibits contain Protected Material. If any portion of a videotaped proceeding is designated pursuant to this section, the videocassette or other video container shall be labeled with the appropriate confidentiality designation. The Designating Party shall inform the court reporter (and videographer, if applicable) of this requirement.

During the 30-day period following first availability of the final uncorrected deposition transcript, deposition exhibits, the deposition transcript, and/or the video recording will be designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in their entirety unless otherwise agreed. After the expiration of that period, the deposition exhibits, the deposition transcript, or the video recording shall be treated as actually designated. If no designation is made within the 30-day period, the materials shall be considered to not contain any Protected Material.

7

Parties shall give the other parties Notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only individuals who are authorized to attend and who have signed the Non-Disclosure Agreement (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

4.3     Inadvertent Failures to Designate: If at any time before the trial of these Actions a Producing Party realizes that it should have designated as Protected Material documents that were previously produced without limitation, the Producing Party may so designate such material by providing prompt Notice to all prior recipients in writing, and providing recipients with replacement documents marked as required by Paragraph 4.2(a) of this Protective Order. Thereafter, all Parties and persons subject to this Order will treat such Protected Material in accordance with the provisions of this Protective Order. All earlier versions of such documents shall be promptly destroyed or returned to the Producing Party within ten (10) days.

## 5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1     Timing of Challenges: Any Party may object to any designation of confidentiality, or may request greater limits on disclosure than those indicated by the Designating Party, at any time before the trial(s) of these Actions. A Party who objects to any designation of confidentiality, or requests greater limits on disclosure, shall serve Notice upon counsel for the Designating Party stating with particularity the grounds of the objection or request. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Actions, a Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2     Meet and Confer/Judicial Intervention: The Challenging Party shall make a good faith effort to resolve the dispute with the Designating Party pursuant to the procedures set forth in Section C.2 of Judge Pappert's Policies and Procedures. If the Parties cannot resolve the issue

8

regarding the confidentiality designation, then it shall be the obligation of the Challenging Party to initiate the process of submitting a joint letter to chambers explaining the dispute and the requested relief, and thereafter take actions consistent with Section C.2, so that the Court can determine whether the disputed information should be subject to the terms of this Protective Order.

The burden of persuasion in any such challenge shall be on the Designating Party. Unless the Designating Party has agreed to change the confidentiality designation, all Parties and Non-Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge and, in so ruling, disallows or alters the designation.

## 6.    ACCESS TO AND USE OF PROTECTED MATERIAL

6.1    Basic Principles:  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Actions have been terminated, a Receiving Party must comply with the provisions of section 12 below (Final Disposition). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Each person who has access to Protected Material must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

6.2    Non-Disclosure Agreement:  Before disclosing any Protected Material to any person or entity referred to in subparagraphs 6.3 or 6.4 below, counsel must provide a copy of this Protective Order to such person or representative with authority to bind the entity, who must sign a Non-Disclosure Agreement in materially the same form annexed as Exhibit A to this Protective Order stating that he or she has read this Protective Order and that he or she or the entity, as applicable, agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce a copy to opposing counsel before such person is permitted to testify at deposition or trial.

9

6.3     Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in the Actions, as well as employees of said Outside Counsel of Record, to whom it is reasonably necessary to disclose the information for the prosecution or defense of the Actions;

(b) the Receiving Party, including officers, directors, and employees (including House Counsel) of the Receiving Party, to whom disclosure is reasonably necessary for the prosecution or defense of the Actions;

(c) the Receiving Party's Parents' officers, directors, employees, or consultants/advisors (i) to whom disclosure is reasonably necessary for the prosecution or defense of the Actions, and (ii) who have signed the Non-Disclosure Agreement (Exhibit A);

(d) persons whom a Party or Outside Counsel of Record for a Party believes in good faith are likely to be called to give testimony, through deposition, affidavit, or at trial, on information contained in Protected Material designated as "CONFIDENTIAL"; provided, however, that such persons have signed the Non-Disclosure Agreement (Exhibit A);

(e) Witnesses during a deposition or hearing in these Actions to whom the disclosure of Protected Material designated as "CONFIDENTIAL" is reasonably necessary (including for impeachment purposes); provided, however, that such witnesses have signed the Non-Disclosure Agreement (Exhibit A).  In the event a witness refuses to sign the Non-Disclosure Agreement (Exhibit A), the witness may not be shown the Protected Material designated as "CONFIDENTIAL" absent an order from the Court;

(f) Experts (as defined in this Protective Order), Professional Vendors (as defined in this Protective Order) and mock jurors of the Receiving Party to whom disclosure is reasonably necessary for these Actions and who have signed the Non-Disclosure Agreement (Exhibit A);

(g) the Court and its personnel;

(h) court reporters and their staff;

10

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions and who have signed the Non-Disclosure Agreement (Exhibit A).

6.4     Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in the Actions, as well as employees of said Outside Counsel of Record, to whom it is reasonably necessary to disclose the information for the prosecution or defense of the Actions;

(b) Two House Counsel for a Receiving Party or Parent who have signed the Non-Disclosure Agreement (Exhibit A), *provided, however,* that where the Actions are controlled or directed for multiple Receiving Parties by a single Parent, only, and no more than, two House Counsel of said Parent shall be permitted access to the Protected Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY";

(c) up to three persons who are officers, directors, employees, or consultants/advisors (in addition to House Counsel) of each Receiving Party or Parent (i) to whom disclosure is reasonably necessary for the prosecution or defense of the Actions, (ii) who have signed the Non-Disclosure Agreement (Exhibit A), and (iii) who do not make decisions on behalf of a Receiving Party or Parent regarding the purchase of life insurance policies on the secondary or tertiary market for life insurance policies, *provided, however,* that where the Actions are controlled or directed for multiple Receiving Parties by a single Parent, no more than a total of three, in the aggregate, persons who are officers, directors, employees, or consultants/advisors of said Receiving Parties or said Parent shall be permitted access to Protected Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY";

11

(d) Witnesses during a deposition or hearing in the Actions to whom the disclosure of Protected Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" is reasonably necessary (including for impeachment purposes); provided, however, that such witnesses have signed the Non-Disclosure Agreement (Exhibit A). In the event a witness refuses to sign the Non-Disclosure Agreement (Exhibit A), the witness may not be shown the Protected Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY", and neither the witness nor the witness' counsel shall be provided a copy of or access to the Protected Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" absent an order from the Court;

(e) Experts (as defined in this Protective Order) of the Receiving Party (i) to whom disclosure is reasonably necessary for these Actions, and (ii) who have signed the Non-Disclosure Agreement (Exhibit A);

(f) the Court and its personnel;

(g) court reporters and their staff;

(h) mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for these Actions and who have signed the Non-Disclosure Agreement (Exhibit A);

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions and who have signed the Non-Disclosure Agreement (Exhibit A).

6.5     Limits on Use of Discovery and Disclosure Material:  Recipients of Discovery or Disclosure Material may use such material solely for the prosecution and defense of the Actions and any appeals thereto, and not for any business, commercial or competitive purpose or in any other litigation proceeding. No person who examines any Discovery or Disclosure Material shall disseminate orally, or by any other means, any Discovery or Disclosure Material other than as permitted by this Protective Order. Nothing contained in this Protective Order, however, will

12

affect or restrict the rights of any Party with respect to its own documents or information produced in the Actions or to documents publicly filed.

**7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

Nothing in this Protective Order will prevent any Party from producing any Protected Material in its possession in response to a lawful subpoena or other compulsory process, or if required by law or by any government agency having jurisdiction, provided that such Party follows the procedures set forth herein.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Actions as Protected Material that Party must:

(a) promptly provide Notice to the Designating Party so as to maximize the time the Designating Party has in which to seek relief.  Such notification shall include a copy of the subpoena or court order;

(b) promptly provide Notice to the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Actions to disobey a lawful directive from another court.

13

**8.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN
        THIS LITIGATION**

The terms of this Protective Order are applicable to information produced by a Non-Party

in these Actions and designated as Protected Material. Such information produced by Non-Parties

in connection with these Actions is protected by the remedies and relief provided by this Protective

Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

additional protections.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Protective Order, the

Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Protective Order, and (d) request such person or persons to execute the Non-Disclosure Agreement

(Exhibit A).

**10.    INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE
        PROTECTED MATERIAL**

This Protective Order shall be interpreted to provide the maximum protection allowed by

Federal Rule of Evidence 502(d).  Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties

agree that the inadvertent or unintentional disclosure by the Producing Party of material that is

privileged or subject to other protection shall not be deemed a waiver in whole or in part of the

claim of privilege or other protection, either as to the specific information disclosed or as to any

other information relating thereto on the same or related subject matter. The provisions of Federal

Rule of Evidence 502(b) are inapplicable to the production of documents or information under this

Protective Order. Specifically, there has been no waiver if a Party discloses privileged or protected

information, regardless of whether the Party took reasonable steps to prevent the disclosure or to

rectify the error.    When a Producing Party gives Notice to Receiving Parties that certain

inadvertently produced material is subject to a claim of privilege or other protection (e.g., work

14

product immunity), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

Upon learning of an inadvertent or unintentional disclosure of privileged documents or information (the "I.D. Protected Material"), the Producing Party shall promptly provide Notice thereof to the Parties who have received the I.D. Protected Material, identifying the I.D. Protected Material by Bates number and privilege protection relied upon. Within five (5) business days of the date of that written Notice, the Receiving Party shall sequester, destroy, or return to the Producing Party the I.D. Protected Material so identified and all copies thereof, and in the same time frame, shall sequester or destroy any notes or other writing or recordings that copy, summarize, reflect, discuss, or are derived from the I.D. Protected Material (collectively, the "I.D.P.M. Notes"). Upon request of the Producing Party, the Receiving Party shall provide Notice of any sequestration or destruction of the I.D. Protected Material and sequestration or destruction of the I.D.P.M. Notes pursuant to this paragraph. No use shall be made of I.D. Protected Material or I.D.P.M. Notes during deposition or at trial, and other than in connection with proceedings contemplated by the last paragraph of Section 10 of this Order, the Receiving Party, its employees, Outside Counsel and Experts shall not provide any I.D. Protected Material or I.D.P.M. Notes to, or discuss any I.D. Protected Material or I.D.P.M. Notes with, anyone who did not already have access to I.D. Protected Material prior to the request by the Producing Party that it be returned.

Consistent with the ethical obligations imposed by Rule 4.4(b) of the Pennsylvania Rules of Professional Conduct, upon receiving a disclosure that the Receiving Party knows or reasonably should know inadvertently or unintentionally contains privileged or otherwise protected documents or information ("Suspected I.D. Protected Material"), the Receiving Party shall promptly provide Notice to the Producing Party of such disclosure, including identifying the Suspected I.D. Protected Material by Bates number. Thereafter, the Receiving Party shall make no use whatsoever of the Suspected I.D. Protected Material until the expiration of a period of five (5) business days from delivery of the aforesaid Notice to the Producing Party, *provided, however,* that if, prior to the expiration of said five (5) business day period, the Producing Party shall provide

to the Receiving Party the Notice specified in the immediately preceding paragraph of this Protective Order that covers the Suspected I.D. Protected Material, the Receiving Party shall treat the Suspected I.D. Protected Material to which said Notice refers as I.D. Protected Material in the manner specified in the immediately preceding paragraph and in the succeeding paragraph of this Protective Order.

Within a reasonable timeframe, and only after undertaking actions in compliance with Section C.2 of Judge Pappert's Policies and Procedure, the Receiving Party may move the Court for an order compelling production of any I.D. Protected Material in compliance with the Federal and Local Rules. If the Receiving Party places the dispute before the Court pursuant to Section C.2, the Producing Party shall, if requested by the Court, provide the Court with one copy of the I.D. Protected Material at issue for in-camera review in connection with such proceedings. Unless the Designating Party has agreed to withdraw the claim of privilege or other protection with respect to I.D. Protected Material, the I.D. Protected Material shall enjoy the protection claimed by the Designating Party unless and until the Court, in ruling on the aforesaid motion for an order compelling production, invalidates or otherwise overrules the protection claimed by the Designating Party.

## 11.   **MISCELLANEOUS**

11.1    Right to Further Relief: Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.2    Right to Assert Other Objections: Nothing contained in this Protective Order will be construed as (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a ruling regarding the admissibility at trial of any document, testimony or other evidence; or (d) a waiver by a Party or person of any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.

11.3    Filing Protected Material: A Party that seeks to file any Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

16

ONLY" must comply with Local Rules 5.1.2, 5.1.3, 5.1.5 and Judge Pappert's Policies and Procedures and file the material under seal, unless the Designating Party gives its written permission to file in the public record.

In every submission or filing with the Court, every document (including motions, memoranda, deposition transcripts and other items) containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information shall be filed with the Clerk under seal in an envelope or container on the face of which shall be stamped:

CONFIDENTIAL

This envelope contains documents which are filed under seal in this case by [name of Party] and, by Order of this Court, dated _____, 2018, shall not be opened nor the contents displayed or revealed except as provided in that Order or by further order of the Court.

Submissions filed under seal shall not be available for inspection except by the Court and authorized persons as set forth in Paragraph 6 of this Order.

Should the Court deny a Party's motion to file the information under seal, the filing Party will notify the Producing Party of its intent to publicly re-file the information and the Parties will negotiate in good faith regarding the confidential designation including the possibility of redactions to certain information. The Producing Party will have seven (7) days to move for reconsideration of the Court's order or a protective order from the Court regarding the information prior to the information being publicly re-filed.

## 12.    **FINAL DISPOSITION**

After the final disposition of the Actions, as defined in Section 3 (Duration), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned

17

or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

DONE AND ORDERED in Chambers at this 2nd day of February, 2018.

Honorable Gerald J. Pappert
United States District Judge

18



## EXHIBIT A

### Non-Disclosure Agreement

I, _____ [print or type full name] of

_____ [print or type full address] declare under

penalty of perjury that:

I have read and I understand the terms of the Stipulated Confidentiality and Protective

Order ("Protective Order") entered on _____, 2018, in *In re: Lincoln National COI*

*Litigation*, Case No.: 16-cv-06605-GJP and *EFG Bank AG, Cayman Branch, et al. v. The Lincoln*

*National Life Ins. Co.*, Case No.: 17-cv-02592-GJP, pending in the United States District Court

for the Eastern District of Pennsylvania. I agree to comply with and be bound by the provisions

of the Protective Order. I understand that any violation of the Protective Order may subject me to

sanctions by the Court. I shall not divulge any documents, or copies of documents, designated

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" obtained

pursuant to such Protective Order, or the contents of such documents, to any person other than

those specifically authorized by the Protective Order. I shall not copy or use such documents

except for the purposes of these Actions and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of these Actions, I

shall return to the attorney from whom I have received them, any documents in my possession

designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

ONLY" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such

documents. I submit myself to the jurisdiction of the United States District Court for the Eastern

District of Pennsylvania for the purpose of enforcing or otherwise providing relief relating to the

Protective Order.

Executed on: _____  By: _____
                        [Date]                                      [Signature]



## **EXHIBIT B**

### **Notice List**

The following counsel have been designated by the Parties to receive Notice pursuant to Section 1.11 of the Stipulated Confidentiality and Protective Order:

For Defendants:

Milbank, Tweed, Hadley & McCloy LLP:  Stacey J. Rappaport, Michael L. Hirschfeld, Aaron L. Renenger

For *In re: Lincoln National COI Litigation* Plaintiffs:

Barrack, Rodos & Bacine:  Jeffrey W. Golan, Stephen R. Basser, Lisa M. Port

Susman Godfrey LLP:  Steven G. Sklaver, Seth Ard; Lucas Issacharoff; Jillian Hewitt

Bonnett Fairbourn Friedman & Balint, P.C.:  Andrew Friedman, Francis J. Balint, Jr., Kimberly Page

The Moskowitz Law Firm, PLLC:  Adam Moskowitz, Howard Bushman

For *EFG Bank AG, Cayman Branch, et al., v. The Lincoln National Life Ins. Co.* Plaintiffs:

Orrick, Herrington & Sutcliffe, LLP: Khai LeQuang, Ric T. Fukushima, Geoffrey Moss